UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN MOSES,** | Civil Action No. 18-14762 (MCA) (MAH) |
| Plaintiff, | |
| v. | OPINION |
| **REED GUSCIORA, etc., et al.,** | |
| Defendants. | |

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion to leave to file an Amended Complaint. Mot. to Amend, D.E. 43. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decides this motion without oral argument. For the reasons set forth below, the Court will deny Plaintiff's Motion to file an Amended Complaint.

**II.   BACKGROUND[1]**

On October 9, 2018, Plaintiff filed a three count Complaint against Defendants, alleging violations of his civil rights pursuant to 42 U.S.C. §§ 1981 and 1983. Compl., Oct. 9, 2018, D.E. 1. Plaintiff alleges that on September 9, 2018, Defendants unlawfully seized a Chevy Impala that he had purchased from a salvage yard while he was having it repaired at a private automotive shop in Trenton, N.J. Am. Compl., D.E. 11, at 6-8. After it was seized, he tried to retrieve the Impala from the Trenton Police Department, but they would not release it because he

---

[1] Because the Court writes for the parties, the Court briefly summarizes the pertinent facts. The Court also assumes as true the factual allegations in the complaint for the purpose of this motion. *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992).

could not show proof of insurance and registration. *Id.* at 7-9. Plaintiff, an African American, claims that his race was the reason his vehicle was seized. *Id.* at 11-12, 14.

One of the Defendants Plaintiff named in his Complaint was "Jackie" who is described as "Record Office Clerk, Jackie was a clerk in the City Records Office." *Id.* at 3. Plaintiff now moves to amend his Complaint to change the name of Jackie to Janet Johnson. Pl. Br. in Supp., D.E. 43, at 3; Prop. Second Am. Compl., D.E. 43. Defendants oppose Plaintiff's motion, arguing that Plaintiff has failed to demonstrate good cause for filing the motion beyond the date for amending pleadings set forth in the Pretrial Scheduling Order, Plaintiff has failed to show that he acted with the requisite diligence in identifying the Defendant known as "Jackie," Plaintiff attempts to bring a claim against a new party Defendant beyond the applicable statute of limitations.[2] Def. Br. in Opp., D.E. 45, at 5-19. In reply, Plaintiff maintains that his motion should be granted because "Plaintiff failed to file his Amended Complaint on time because he was still looking and waiting for more information from Defendant's counsel, Ms. Garty in respects to the identity of defendant Jackie." Reply Br., D.E. 47, at 11.

### III. ANALYSIS

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149

---

[2] The Court need not reach Defendants' argument that Plaintiff attempts to bring a new cause of action beyond the statute of limitations because the Court finds herein that Plaintiff fails to show good cause to amend the Pretrial Scheduling Order and allow him to move to amend beyond the deadline for doing so.

(3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

On the other hand, Rule 16(b)(3)(A) prescribes that the Court must issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions."  The Rule further prescribes that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases."  *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990).  The requirement of a deadline to amend the pleadings "assures that at some point . . . the pleadings will be fixed."  Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment).  "The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."  *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

Courts within the Third Circuit have consistently held that "a party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4)— i.e., they must show 'good cause.'"  *Nasa Machine Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)).  "Accordingly, '[h]eightened scrutiny of a motion to amend . . . is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A).'"  *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014)

(alterations in original) (quoting *Stolinski v. Pennypacker*, No. 07–3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011)).

"If there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Plaintiff] to file its amended pleading as justice so requires." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *2 (citing *Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. 2019)). Conversely, "[i]f the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis." *Korrow*, 300 F.R.D. at 220 (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)).

Good cause requires a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." *Fermin v. Toyota Material Handling, USA, Inc.*, No. 10-3722, 2012 WL 1393074, *3 (D.N.J. Apr. 23, 2012) (internal citations and quotations omitted). "Whether 'good cause' exists under Rule 16 hinges to a large extent on the diligence of the moving party." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)); *see also* Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment). Rule 16(b)(4) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence. *Fermin,* 2012 WL 1393074, at *3 (stating the inquiry should center on whether "through the exercise of reasonable diligence [the moving party] should have possessed, the knowledge necessary to file the amended motion before the deadline had expired"). "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." *Kennedy v. City of*

4

*Newark*, Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011). "If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005)). In other words, "the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met." *Korrow*, 300 F.R.D. at 220. "Moreover, the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Id.* (citing *GlobespanVirata,* 2005 WL 1638136, at *3). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" *Chancellor v. Pottsgrove Sch.* Dist., 501 F.Supp.2d 695, 702 (E.D.Pa.2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

In determining whether "good cause" exists for an untimely motion to amend pleadings, courts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.,* Civ. No. 08–3121, 2009 WL 2905471, at *2 (D.N.J. Sept. 8, 2009) (denying a plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *see also Kennedy v. City of Newark,* Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."). If a movant did have the knowledge necessary to file a motion prior to the expiration of the Court's deadline, and

5

if the movant can provide no satisfactory explanation for the delay, the Court has the discretion to deny the motion. *See Dimensional Commc'n, Inc.,*, 148 F. App'x at 85 (upholding trial court's finding that movant could not satisfy "good cause" because it was in possession of the facts underlying its proposed counterclaim well before amendment deadline); *Harrison,* 133 F.R.D. at 469 (movant failed to satisfactorily explain delay in filing the motion to amend).

Here, the deadline to amend the pleadings was February 28, 2020. *See* Pretrial Scheduling Order, Oct. 29, 2019, D.E. 26. The Court has not extended this deadline. Nor did Plaintiff seek an extension of this deadline. Plaintiff did not file a memorandum of law in support of his request to amend his Complaint until November 12, 2020,[3] nearly nine months after the deadline to amend passed. Therefore, whether Plaintiff may now amend his Complaint to change the identity of Defendant "Jackie" to Janet Johnson notwithstanding the delay turns on his ability to demonstrate "good cause" under Rule 16, that is, whether Plaintiff nonetheless has acted with diligence or lack thereof.

Plaintiff relies on a single argument to explain the delay, *i.e.,* that he placed telephone calls to defense in November 2019 to determine the identity of "Jackie", but that defense counsel did not provide him with Jackie's identity. Pl. Br., D.E. 43, at 3-4. Plaintiff asserts that Defendants' attorney did not inform him that Jackie is Janet Johnson until October 28, 2020 and that she is a keyboard clerk for the City of Trenton Police Department. *Id.* at 4. Yet, Plaintiff also maintains that he discovered that Jackie was Janet Johnson on August 26, 2020, which is confirmed in an email he sent to defense counsel on that date. Email from Pl. to defense counsel,

---

[3] During the December 7, 2020 case management conference, the Undersigned directed Plaintiff to refile a motion by December 28, 2020. The reasons for such were twofold: first, so Plaintiff could label it as a motion alerting both the Court and his adversary that it was a motion, and second, so Plaintiff could address the good cause standard under Fed. R. Civ. P. 16.

D.E. 43, Exh. D.  For the reasons set forth herein, that sole justification for Plaintiff seeking to amend at this point falls far short of the standards for good cause under Rule 16.

The Court is unpersuaded by Plaintiff's justifications that he did not move to amend sooner because Defendants "did not do anything to provide Plaintiff a responsive answer, a yes or no even if [Jackie] was an employee of the City."  Pl. Br., D.E. 43, at 14.  Plaintiff fails to set forth what actions he undertook to learn Jackie's identity other than a single email to defense counsel in November 2019 and follow up phone calls to her around that time.  He does not indicate whether he attempted to determine "Jackie's" identity before he filed the Complaint or by propounding discovery requests once discovery was underway.  Plaintiff completely fails to explain whether he took any action at all before August 26, 2020 to determine that the clerk he was looking for was Janet Johnson and not "Jackie."  It does not appear that Plaintiff took any steps to ascertain Ms. Johnson's name until August 26, 2020.  Instead, Plaintiff was content to have defense counsel provide him with her identity based solely on an inaccurate description of both her name and job title.  The Court simply cannot find that this constitutes diligent behavior.

Moreover, the onus was on Plaintiff to request an extension of the deadline to amend the pleadings.  Not once before November 2020, did Plaintiff evince an intention to seek leave to file an Amended Complaint to change the name of Defendant Jackie, however.  Accordingly, the Court concludes that the delay from the time Plaintiff filed his Complaint until he moved to amend it, November 12, 2020, a period of more than two years, was not reasonably diligent.

Additionally, even after Plaintiff discovered Janet Johnson's identity on August 26, 2020, he did not file his memorandum of law in support of his request to amend the Complaint for more than three months.  While Plaintiff seems to explain this delay by asserting that "Defendants did not confirm until October 28, 2020 that they had an employee named Janet

Johnson that works for the City, that Plaintiff has been looking for under the name Jackie." However, Plaintiff's assertion belies the events that took place once Plaintiff discovered Ms. Johnson's name. Upon discovering her name on August 26, 2020, Plaintiff sent an email to defense counsel that day that reads in its entirety:

> Mrs. Gary,
> I was able to obtain the correct name of the civilian employee listed as "Jackie" as Ms. Janet Johnson to noted in your records. Thank you in advance for your assistance in this matter.
> Sincerely
> John Moses.

Email from Pl. to defense counsel, D.E. 43, Exh. D.

It was not until October 7, 2020, that Plaintiff sought information from defense counsel. Email from Pl. to defense counsel, D.E. 43, Exh. E. In that subsequent email, Plaintiff wrote "This is a follow up correspondence to the request of production in respects to the information requested Jackie the clerk for the Trenton Police Department. I sent you … her name in a separate email dated on August 26, 2020. I still [have] not heard back from you to date." *Id.* Defense counsel responded to Plaintiff on October 9, 2020, that she did not understand the August 26, 2020 email as a request for information from her. Email from defense counsel to Pl., D.E. 43, Exh. F. Plaintiff still does not explain why he did not move to amend when he initially learned of Ms. Johnson's name in August 2020. Nor does Plaintiff explain why he failed to seek an extension of the deadline for amending once he learned of Ms. Johnson's identity – an onus that was on Plaintiff. Instead, Plaintiff chose to wait until November 12, 2020, when he filed his memorandum of law in support of his motion to amend. Notwithstanding Plaintiff's assertions, this record does not demonstrate that he acted diligently to amend once he learned of Ms. Johnson's identity.

The Court finds that Plaintiff has not provided a satisfactory explanation for waiting nine months after the deadline to amend had passed to move to amend. Accordingly, Plaintiff has not

8

demonstrated good cause for modification of the Pretrial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4).[4]

### IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint. D.E. 43. An Order accompanies this Opinion.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

Dated: March 8, 2021

---

[4] Having concluded that Plaintiff is required to satisfy the "good cause" requirement of Fed. R. Civ. P. 16 and has failed to so, the Court need not reach the futility analysis.